UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM E. FEIL,

    Plaintiff,

v.

C. SULLIVAN, *et al.*,

    Defendants.

Case No. C05-5180JKA

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE ACTION

    This 42 U.S.C. § 1983 civil rights action is before this court on consent pursuant to 28 U.S.C. § 636 (c)(1). Plaintiff has filed a motion for summary judgment. (Dkt. # 22). Defendants have filed a response and a cross motion for summary judgment. (Dkt. # 26). Having reviewed both motions, the attachments and exhibits and the remaining record in the file the court concludes that plaintiffs constitutional right of access to the court was not violated in this case. The Washington State Court of Appeals considered plaintiff's personal restraint petition on the merits and a reply brief was not mandated. Accordingly the plaintiff suffered no denial of access to courts and the defendants are entitled to summary judgment.

ORDER - 1

## FACTS

In 2004 plaintiff filed a personal restraint petition with Division I of the Washington State Court of Appeals. The petition was a collateral challenge to his conviction in which he raised issues relating to a fairly new Supreme Court case, <u>Blakely</u>. <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Plaintiff raised other issues that the Washington State Court of Appeals found time barred. (Dkt. # 26, Exhibit 1, Attachment F).

The Washington State Court of Appeals directed the Snohomish County Prosecutors Office to file a response to the petition and gave the plaintiff the option of filing a reply within 30 days of being served the response. (Dkt. # 22 page 2).

The Snohomish County Prosecutor served it's response by mail, but, the envelope did not have a return address on it. (Dkt. # 22 and 26). The mail was rejected by the defendants as there was no return address. Plaintiff moved to stay his personal restraint petition and in response to his motion, on January 3rd, 2005, the prosecutors office resent their response to the petition to plaintiff. The prosecutor's brief was given to plaintiff January 6th, 2005. The Washington State Court of Appeals dismissed plaintiff's petition on January 18th, 2005. (Dkt. # 22 page 2). The Washington State Court of Appeals held <u>Blakely</u> did not apply to plaintiff because he was sentenced within the standard range. In addition this court notes plaintiff plead guilty and waived his right to a jury trial. The holding in <u>Blakely</u> is that a trial court cannot use facts not found by the jury to give the defendant an exceptional sentence. <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The remainder of plaintiff's petition was dismissed as time barred. (Dkt. # 26, Exhibit 1, Attachment F). This Civil Rights Action followed and plaintiff claims a denial of access to courts as s result of the mail rejection.

## DISCUSSION

A summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all

ORDER - 2

inferences favorable to that party. Fed. R. Civ. P. 56(c) and (e). "When `the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" Matsushita Elec. Industr. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), *quoting* First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968).

A plaintiff must allege deprivation of a federally protected right in order to set forth a *prima facie* case under 42 U.S.C. § 1983. Baker v. McCollan, 443 U.S. 137, 140 (1979). A 42 U.S.C. § 1983 complaint must allege that (1) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Here, plaintiff alleges that his constitutional right to access the courts was violated because defendants rejected mail sent to him by the Snohomish County Prosecutors Office. The mail was rejected because it did not have a return address on it. The Supreme Court has held that prisoners have a constitutional right of meaningful access to the courts premised on the Due Process Clause. Bounds v. Smith, 430 U.S. 817, 821 (1977). Such access requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries <u>or</u> adequate legal assistance from persons trained in the law." Bounds, 430 U.S. at 828 (emphasis added); Storseth v. Spellman, 654 F.2d 1349, 1352 (9th Cir. 1981).

The Ninth Circuit has determined that "right of access" claims that do not allege inadequacy of the law library or inadequate assistance from persons trained in the law, must allege an "actual injury" to court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). An "actual injury" consists of some specific instance in which an inmate was actually denied access to the courts. Id. Only if an actual injury is alleged may plaintiff's claim survive. Id.

Plaintiff's claim fails survive summary judgment. He was never denied the ability to contact the court or file pleadings. He did not receive a pleading in a timely manner because the pleading was not properly addressed, but, that did not cause him to miss any mandatory deadline and did not

ORDER - 3

cause his action to be dismissed. The action was considered on the merits and the Washington State Court of Appeals stated:

> Feil appears to rely on Blakely v. Washington, 542 U.S. ___, 124 S.Ct 2531, 159 L.Ed. 2d 403 (2004), to support his claim of sentencing error.
>
> . . .
>
> Feil's argument fails because, unlike the situation in Blakely, the sentence Feil received was clearly authorized by law. Feil was sentenced within the range set forth under the Sentencing Reform Act of 1981 (SRA). Because Feil had no legally protected right to a sentencing scheme that authorized a particular sentence of lesser duration, the holding in Blakely is inapplicable here. Even Blakely acknowledges that a defendant's right to a jury trial is not violated under a sentencing scheme that authorized a particular sentence without further explanation. Under the circumstances, Feil has not shown that the trial court violated his constitutional right to a trial by jury when it ordered him to serve 120 months of total confinement.

(Dkt. # 26, Exhibit 1, Attachment F).

Plaintiff has not shown actual injury and defendants are entitled to summary judgment. Accordingly the Plaintiff's motion for summary judgment if **DENIED.** Defendants cross motion for summary judgment is **GRANTED.** This action is **DISMISSED WITH PREJUDICE**

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant(s).

DATED this 12th day of August, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER - 4